

IN THE
TENTH COURT OF APPEALS

No. 10-13-00225-CV

IN THE INTEREST OF D.I.T.S. AND D.T.T., CHILDREN

From the 12th District Court
Madison County, Texas
Trial Court No. 12-13048-012-09

## ORDER

This is an appeal by both the mother and the father whose parental rights as to their children were terminated. The mother and father are represented by different attorneys on appeal. We have had difficulty in the timely prosecution of this appeal by both attorneys.

The notices of appeal for this case were filed in July of 2013. In August the Clerk of this Court notified each attorney that their respective docketing statements were past due. In September, the Clerk again notified each attorney that the docketing statements were past due. The Clerk also notified each attorney that the reporter's record was past due and apparently had not been requested. The mother's attorney was further notified

that the filing fees for this appeal were past due and that there was no indication in the clerk's record that the mother's attorney was court-appointed or that the mother was currently indigent. The Clerk requested that certain actions be taken by the attorneys within 14 days from the date of the notice. Although the mother's docketing statement was filed and we received other communication by the mother's attorney, no other action was taken.

On October 4, 2013, the Clerk again contacted each attorney by letter and requested that, within 14 days, they either: 1) amend the notice of appeal to add the statement required by Rule 25.1(d)(8), if applicable, that the appeal is from an order terminating parental rights and that the appellant is presumed indigent and thus may proceed without advance payment of costs; 2) pay the necessary filing fee for this appeal; or 3) file the necessary affidavit of indigence pursuant to Rule 20.1 if necessary. The father's attorney was also requested to file a docketing statement and request the preparation of the reporter's record. Fourteen days have passed and the only action taken on the Clerk's request was that the father's docketing statement was filed.[1]

It is unusual that both attorneys in this type of appeal would not be persistent in pursuing this appeal in a timely fashion. Thus, we question whether the parties themselves wish to continue with the appeal.

---

[1] The reporter's record was filed on October 8, 2013.

We therefore abate this appeal to the trial court to hold a hearing, within 14 days from the date of this order, to determine whether each appellant, not their respective attorneys, wishes to continue with the appeal. If either or both appellants wish to continue with the appeal, the trial court must then determine a set date by which the respective attorneys will comply with the Clerk's October 4, 2013 letter request. If either or both appellants do not wish to continue with the appeal, the trial court must obtain a statement in writing or on the record to that effect. A reporter's record and clerk's record containing oral or written findings of the trial court and oral or written statements of the appellants, if any, must be filed with the Clerk of this Court within 28 days from the date of this order.

PER CURIAM

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Appeal abated
Order issued and filed November 14, 2013